UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SILVIA HUETE,

       Plaintiff,

vs.

BANK OF NEW YORK MELLON AND
GREEN TREE SERVICING LLC A/K/A
DITECH FINANCIAL LLC,

       Defendants.

_____/

## NOTICE OF REMOVAL

Defendants, BANK OF NEW YORK MELLON and GREEN TREE SERVICING LLC, by and through undersigned counsel, pursuant to Fla. R. Civ. P. 1.140(b), hereby jointly removes the action pending in the Circuit Court in and for Miami-Dade County, Florida, Case No.: 2016-032467-CA-13, styled *Silvia Huete v. Bank of New York Mellon and Green Tree Servicing LLC A/K/A Ditech Financial LLC*. Removal is based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. Federal Question jurisdiction arises under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq*. ("RESPA").

### I.      FACTUAL BACKGROUND

On or about December 21, 2016, Plaintiff commenced an action by filing a complaint in the Circuit Court in and for Miami-Dade County, Florida, Case No.: 2016-032467-CA-13, styled *Silvia Huete v. Bank of New York Mellon and Green Tree Servicing LLC A/K/A Ditech Financial LLC* ("State Court Action"). On December 27, 2016, Defendants were served with the complaint. Plaintiff's complaint alleges a cause of action under RESPA. Defendants have not filed an answer or otherwise responded to Plaintiff's complaint. As of the date and time of filing this Notice of Removal the State Court Action has not been set for Trial.

Defendants seek to remove Plaintiff's complaint to the United States District Court for the Southern District of Florida. Defendants' notice of removal is timely pursuant to 28 U.S.C. § 1446(b). Specifically, Defendants' deadline to remove the action is January 26, 2017, thirty (30) days from the date of service of the complaint. *See* 28 U.S.C. § 1446(b); *Bailey v. Janssen Pharmaceutical, Inc.*, 536 F.3d 1202, 1205 (11th Cir. 2008).

Pursuant to 28 U.S.C. § 1446(a), Defendants attach hereto as **Composite Exhibit A**, a copy of the state court file in this action, including copies of all process, pleadings, orders and other papers or exhibits of every kind. Defendants represent that it will file with the Clerk of the County Court in and for Miami-Dade County, Florida, a Notice of Filing Notice of Removal pursuant to 28 U.S.C. § 1446(d), and will give written notice thereof to Plaintiff. A copy of said Notice, without exhibits, is attached hereto as **Exhibit B**.

Pursuant to 28 U.S.C. § 1441(d), venue properly rests in the United States District Court for the Southern District of Florida, because the District Court embraces the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida where the State Court Action was originally commenced.

Under 28 U.S.C. § 1446(a), this Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## II.     GROUNDS FOR REMOVAL

The above described action is a civil action in which this court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441. Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." A case is deemed to arise under "the law that creates the cause of action." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)

(*quoting American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916));

*Provident Life & Accident Ins. Co. v. Waller*, 906 F.2d 985, 988 (4th Cir.); *West 14th Street*

*Commercial Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188, 192 (2d Cir.); *White v.*

*Matthews*, 420 F. Supp. 882, 887 (D. S.D. 1976). In other words, a claim gives rise to federal

jurisdiction if it is "founded directly upon federal law." *Robinson v. Wichita Falls & North Texas*

*Community Action Corp.*, 507 F.2d 245, 249 (5th Cir. 1975).

Here, Plaintiff's complaint gives rise to federal jurisdiction through allegations that

Defendants allegedly violated RESPA. See Complaint, at 6. Therefore, removal is appropriate

given that Plaintiff's RESPA claims arise under the laws of the United States. *See* 28 U.S.C. §

1331. It is undisputed that Plaintiff's claim is based on federal law and this Court should accept

jurisdiction over the case.

### III.   ADOPTION AND RESERVATION OF DEFENSES

Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of

any of Defendants' rights to assert any defense or affirmative matter, including, but not limited

to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency

of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties;

(6) failure to state a claim; (7) the mandatory arbitration of some or all of the claims; (8) failure

to join indispensable parties; or (9) any other pertinent defense available under Fla. or Fed. R.

Civ. P. 12, any state or federal statute, or otherwise.

In the event the Plaintiff seeks to remand this case, or the Court considers remand *sua*

*sponte*, Defendants respectfully request the opportunity to submit additional arguments or

evidence in support of removal as may be necessary

### IV.   CONCLUSION

Removal of this case is timely and appropriate, and this Court has federal question and

supplemental jurisdiction over this action. Defendants respectfully request that this Court take

jurisdiction over this matter and remove this action from the Circuit Court in and for Miami-

Dade County, Florida, to the United States District Court for the Southern District of Florida.

**WHEREFORE**, Defendants, pray for removal of this case from the Circuit Court in and

for Miami-Dade County, Florida, to the United States District Court for the Southern District of

Florida.

Dated: January 26, 2017

By: /s/ Christopher Evans

Christopher R. Evans, Bar No. 105887
LOCKE LORD LLP
525 Okeechobee Boulevard, Suite 1600
West Palm Beach, FL  33401
Telephone:   561-833-7700
Facsimile:    561-655-8719
Christopher.evans@lockelord.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 26 day of January, 2017, I presented the foregoing Notice

of Removal to the Clerk of Court for filing and uploading to the CM/ECF system. I further

certify that I served a copy of the foregoing via U.S. Mail to:

Silvia Huete
13530 SW 114th Ct.
Miami, Florida 33176
*Plaintiff*

By: /s/ *Christopher R. Evans*
Christopher R. Evans